```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION


SHEILA WISE,                         :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :   CIVIL ACTION 02-0267-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of                      :
Social Security,                     :
                                     :
     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), with supporting Memorandum, as amended (Docs. 19 and 22) and Defendant's Response to Plaintiff's Petition for Authorization of Attorney Fees, in which he notifies the Court that he has no response to Plaintiff's Motion (Doc. 21).  After consideration of all pertinent materials in the file, it is **ORDERED** that Plaintiff's attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), as amended, be **GRANTED** and that Plaintiff's attorney, Margaret A. Stone, be **AWARDED** a fee of $3,800.00 for her services before the Court.[1]

Plaintiff hired Ms. Stone on August 20, 2001, to pursue her

---

[1] By Order dated January 9, 2007, with the written consent of the parties, Judge Hand referred this action to the undersigned Judge to conduct all future proceedings (Doc. 24).

claim for disability insurance benefits after her claim was denied initially and at the hearing level.  By updated contract signed by Plaintiff on November 14, 2006 (Docs. 22 and 19, Ex. 5), it was agreed that Ms. Stone would receive the lesser of 25 percent of past-due benefits paid to Plaintiff or $5,300.00.  Subsequently, on August 7, 2007, Plaintiff signed an Affidavit in which she requests that Ms. Stone be awarded an additional fee of $2,500.00 over and above the $5,300.00 previously agreed upon for services before the Agency and this Court (Docs. 22 and 19, Ex. 1).

For the past approximately 6 years and 5 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for disability insurance benefits on November 2, 1999, which application was denied at the initial level and at the hearing level on June 29, 2001.  Plaintiff timely requested review of the ALJ's decision by the Appeals Council.  The Appeals Council denied Plaintiff's claim on March 29, 2002.

After denial of her application for disability insurance benefits by the SSA, Plaintiff filed this action on April 19, 2002, for judicial review of that decision (Doc. 1).  See 42 U.S.C. § 405(g).  The Court heard from counsel at a hearing on January 21, 2003, and, on January 31, 2003, a Report and Recommendation was entered, recommending that the decision of the Commissioner be reversed and this action remanded to the Social

Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 11).  By Order dated March 5, 2003, Judge Hand adopted the Report and Recommendation, reversing and remanding this action to the Social Security Administration (Doc. 20). Judgment in favor of Plaintiff was also entered that same date (Doc. 21).

Pursuant to this Court's Order, a hearing was held on June 17, 2003, after which an unfavorable decision was received on September 16, 2003.  Exceptions were timely filed by counsel on October 10, 2003.  Over the next three years counsel contacted the Appeals Council and was told that the appeal was still pending. However, on August 14, 2006, counsel was informed by the Appeals Council that it had not received the exceptions.  Counsel was successful in establishing that she had timely filed the exceptions.  The case was remanded to another ALJ on October 23, 2006, and a third hearing was held on March 8, 2007.  On March 29, 2007, the ALJ rendered a fully favorable decision, finding that Plaintiff was disabled effective April 2, 1999, and awarding disability insurance benefits.

The Social Security Administration issued a Notice dated May 20, 2007, stating that $16,852.87 had been withheld from Plaintiff's past-due benefits for attorney's fees (Doc. 19 and 22, Ex. 2).  By check dated September 20, 2007, Ms. Stone received an administrative attorney fee in the amount of $3,923.00 and when

added to the $3,800.00 attorney fee requested in this Petition results in a total fee request of $7,723.00, which amount is less than twenty-five percent of Plaintiff's past-due benefits.

On October 25, 2007 (Doc. 19), Ms. Stone filed the pending Motion for an Award of Attorney Fees, which was amended on January 3, 2008 (Doc. 22), in which she requests a fee in the amount of $3,800.00 for her services before this Court.  Ms. Stone spent a total of 7.3 hours before this Court and has represented Plaintiff before this Court since 2002, when the complaint for judicial review was filed, without compensation for her time spent before this Court.  Defendant states in his Response to Plaintiff's Petition for Authorization of Attorney Fees that "he has no response to Plaintiff's Petition for attorney fees", which the Court construes as no objection to the requested fee (*see* Doc. 21).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

42 U.S.C. § 406(b)(1)(A).[2]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement.  Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986).  Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

the fact that counsel requests court approval of a fee, and given the purpose of Title XVI, which is to provide benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status, the undersigned is of the opinion that the Court should consider whether the fee requested is reasonable and specifically authorize counsel's withdrawal of such a fee from a trust or escrow account.  Plaintiff's counsel is not requesting approval of such a fee in this action.

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary

means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases".  Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), if the Commissioner's position before the Court was not "substantially justified."  Gisbrecht, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  Id. at 1822.

Ms. Stone filed an Application for Attorney's Fees Under the

Equal Access to Justice Act on June 2, 2003 (Doc. 14). After consideration of that motion, as well as Defendant's Response to Plaintiff's Application for Attorney Fees Under the EAJA (Doc. 15), the Court entered a Report and Recommendation on June 19, 2003, recommending that Plaintiff's counsel be awarded an EAJA fee in the amount of $912.50 (Doc. 16). By Order and Judgment entered on July 18, 2003, Judge Hand granted the Application and awarded Ms. Stone an EAJA fee in the amount of $912.50. In the present Motion for an Award of Attorney Fees, Ms. Stone acknowledges that she received an attorney's fee awarded under EAJA in the amount of $912.50.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250

>(C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Rodriquez, 865 F.2d at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

9

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by <u>Gisbrecht</u> and the opinions cited above, the Court finds that Ms. Stone has diligently represented Plaintiff since 2002 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Ms. Stone contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement and an affidavit, in which she agrees to the fee being requested by Ms. Stone.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The requested fee is not so large as to be a windfall or

unreasonable.  The Court finds that the requested fee of $3,800.00 is reasonable for the services rendered before this Court.

Therefore, it is **ORDERED** that Plaintiff's attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee of $3,800.00 for her services before this Court and that Ms. Stone refund to Plaintiff the sum of $912.50, which sum represents the EAJA fee she was awarded.

DONE this 9th day of January, 2008.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE